Filed 12/28/23  P. v. Demedio CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

# FOURTH APPELLATE DISTRICT

# DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E081748 |
| v. | (Super.Ct.No. SWF1203227) |
| RONALD RALPH DEMEDIO, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County.  John D. Molloy, Judge. Dismissed.

John L. Staley, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

Defendant Ronald Ralph Demedio appeals from the order of the Riverside Superior Court granting the People's motion to remove his name from the list of persons identified as eligible for resentencing relief pursuant to Penal Code section 1172.75.[1] We will dismiss the appeal.

## BACKGROUND[2]

In 2015, defendant was convicted by a jury of first degree burglary (§ 459), receipt of stolen property (§ 496, subd. (a)), and grand theft of a firearm (§ 487, subd. (d)(2)). Defendant admitted that he had suffered five prior prison terms coming within section 667.5, subdivision (b), as well as three prior serious felony convictions (§ 667, subd. (a)), and three prior strike convictions (§§ 667, subds. (c), (e)(2), 1170.12, subd. (c)(2)(A)). The court sentenced defendant to a total indeterminate term of 25 years to life and determinate term of 13 years.

Defendant appealed and we remanded the matter for a new sentencing hearing. That hearing resulted in another appeal in which we once again remanded the matter for a new sentencing hearing. In the course of resentencing defendant at the July 2021 remand hearing, the trial court struck defendant's five prison priors.[3]

---

[1] All further statutory references are to the Penal Code unless otherwise indicated.

[2] The background is taken from this court's prior nonpublished opinions in defendant's prior appeals, case Nos. E063425 and E068595, which are part of the record on appeal in this case. (*People v. Demedio* (Oct. 21, 2016, E063425); *People v. Demedio* (Sept. 23, 2020).)

[3] We note the court stated that it counted four "667.5(d)s" on the abstract of judgment when making its order to strike the one-year priors. It is clear from its

*[footnote continued on next page]*

In January 2022, section 1172.75 became effective.[4] (Stats. 2021, ch. 728, § 3, (Senate Bill No. 483), eff. Jan. 1, 2022.) That provision eliminated as legally invalid all prison prior sentence enhancements set forth in section 667.5, subdivision (b), that were imposed before January 1, 2022, except those involving a prison prior for specified sexually violent offenses. (§ 1172.75, subd. (a).) The statute requires the Secretary of the Department of Corrections and Rehabilitation and the county correctional administrator of each county to identify persons in their custody currently serving a term for a judgment that includes a prison prior enhancement coming within subdivision (a) of section 1172.75 and to provide the name of each person and other specified identifying information to the sentencing court that imposed the enhancement. (§ 1172.75, subd. (b).)

Apparently, defendant was included on a list prepared pursuant to section 1172.75 even though the court struck his prison priors in July 2021. The People moved to take defendant's case off calendar because he was not entitled to relief as his priors had already been stricken. Defendant opposed the motion on the grounds he had not been

_____

pronouncement made at the commencement of the hearing that the court was referring to the one-year enhancements for prison priors imposed pursuant to section 667.5, subdivision (b), not (d). It is also clear from the court's statements that it intended to strike all of the prison prior enhancements, and miscounted the number appearing on the abstract of judgment, which correctly reflected that defendant had been sentenced on five, not four, prior prison enhancements. The abstract of judgment issued after the hearing reflects that all five had been stricken.

[4] At the time of its enactment in January 2021, section 1172.75 was numbered section 1171.1, but was renumbered effective June 30, 2022, with no substantive changes to the statute (Stats. 2022, ch. 58, § 12).

afforded a full resentencing hearing at the time his prison priors were stricken. The trial court found defendant had been given a full resentencing hearing and, in any event, because he was not currently serving a term for a judgment that included a prior prison enhancement, he was not eligible for section 1172.75 relief. Defendant timely noticed this appeal.

## DISCUSSION

Defendant's appointed appellate counsel filed an opening brief that sets forth statements of the case and facts but does not present any issues for adjudication. Counsel asked this court to independently review the record on appeal, citing *People v. Wende* (1979) 25 Cal.3d 436 and *Anders v. California* (1967) 386 US. 738.

Upon receipt of the opening brief, we advised defendant and counsel that, because the appeal is from the denial of a post-conviction proceeding, this court is not required to conduct an independent review of the record and cited *People v. Delgadillo* (2022) 14 Cal.5th 216. We invited defendant to file any supplemental brief deemed necessary and advised him that failure to do so might result in dismissal of the appeal as abandoned. Defendant did not file a brief.

Neither defendant nor his counsel have presented an issue, and upon our review of the record, we do not find any error. Accordingly, we dismiss defendant's appeal.

**DISPOSITION**

The appeal is dismissed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

RAMIREZ _____

P. J.

We concur:

McKINSTER _____

J.

FIELDS _____

J.